**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE: Metal Check, Inc.           ) | |
|                                                          ) | **Case No.:**   23-11279-JDL |
| Debtor.        ) | **Chapter:**    11 - Subchapter V |

**DEBTOR'S EMERGENCY MOTION FOR ORDER**
**AUTHORIZING USE OF CASH COLLATERAL**
**AND RELATED OPERATING PROCEDURES**
**WITH BRIEF IN SUPPORT**

Debtor, **Metal Check, Inc.,** (the "Debtor"), by and through the undersigned counsel, respectfully files this Emergency Motion for Order Authorizing Use of Cash Collateral and Related Operating Procedures, (the "Motion"). In support thereof, the Debtor would show the Court as follows:

**CONCISE STATEMENT OF RELIEF REQUESTED**

By this Motion, the Debtor requests:

1. Cash Collateral is defined in 11 U.S.C. §363(a).  Debtor has cash collateral in current checking deposits.  Debtor is an ongoing business and anticipates acquiring cash collateral in the operation of the metal recycling business.  Debtor purchases metal from customers and then resells the metal to recycling companies.  This Motion seeks to obtain Court approval or consent of creditors for the Debtor to use cash collateral now existing and post petition payments to Debtor for the use in providing services to customers and for working capital and general operating needs.

2. Authority to use cash collateral within the meaning of section 363(a) of Title 11 of the United States Code (the "Bankrupcty Code") is found in 11 U.S.C. §363(c).

3. As required under Bankruptcy Rule 4001, additional material provisions of the proposed Interim Order are as follows:

A. <u>Parties Claiming an Interest in Cash Collateral:</u>  Debtor believes that one or more creditors has a security agreement covering accounts perfected by a UCC filing.  In particular, Debtor believes that First United Bank has a lien on cash collateral.

B. <u>Purpose of Use of Cash Collateral:</u> The Debtor seeks to use its income to pay the day-to day operating expenses associated with its business, such as customers bringing metal to scrap and payroll and expenses to run and maintain equipment, to make payments authorized by the Court, to cover the administrative costs incurred in this case including, but not limited to, the payment of professionals of the estate, and for such other expenses necessary to preserve the value of the Debtor's estate.

## JURISDICTION AND STATUTORY AUTHORITY

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion concerns the administration of the Debtor's bankruptcy estate and therefore is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (D), (K),(M), and (O).

4. The statutory predicates for the relief requested are Bankruptcy Code sections 361, 362, and 363 and Bankruptcy Rule 4001.

5.  On May 17, 2023, (the "Petition Date"), the Debtor filed a voluntary petition with this Court pursuant to Chapter 11, Subchapter V, of the Bankruptcy Code.

6. Pursuant to Bankruptcy Code sections 1107 and 1108, the Debtor has retained possession of its assets as a debtor in possession and is continuing to operate its business.

7. The Debtor is an Oklahoma Sub-S Corporation, with its principle place of business in Oklahoma City, Oklahoma, engaged the metal recycling business.

8. The Debtors operation is profitable and generates income to protect the cash collateral lien

of creditors. Debtor anticipates paying all secured creditors in full over time, and has sought relief under Chapter 11 to accomplish that goal in an orderly fashion.

9. The Debtor depends on the ongoing use of this cash collateral to operate and preserve its assets. Even a brief interruption in the Debtor's ability to use cash collateral will have a disastrous and damaging effect on the value of the estate.

10. Accordingly, the Debtor must have the ability to use cash collateral to continue to operate and to preserve the value of the estate. If the Debtor is not granted authority to use cash collateral the value of the Debtor's bankruptcy estate will be damaged and the estate and its creditors will suffer immediate and irreparable harm.

## **BRIEF IN SUPPORT**

Under Bankruptcy Code section 363(c)(2), a debtor in possession may not use cash collateral unless "(a) each entity has had an interest in such cash collateral consents; or (b) the court, after notice and a hearing, authorizes such use...in accordance with the provisions of this section."

The Debtor requires the continued use of cash collateral to fund its day-to-day operations. Absent such relief, the Debtor's business will be brought to an immediate halt, with damaging consequences for the Debtor and its estate and creditors. Any of the Lien Creditors in the Debtor's cash collateral are protected by a significant income generation from the use of the cash collateral. Accordingly, the Debtor's request to use cash collateral in the operation of its business and administration of this Chapter 11 case.

An estimated budget detailing the Debtor's anticipated need for cash collateral for a thirteen (13) week period, through August 15, 2023 (the "Budget") is attached hereto as Exhibit "A".

**ADEQUATE PROTECTION**

To adequately protect the interest of the holders of a lien on Debtor's accounts, accounts receivable and cash collections in the cash collateral, the Debtor proposes the following forms of adequate protection, subject to approval by this Court:

The Debtor shall only expend cash collateral for the items set forth in the Budget, which shall also include a variance of 10% each month, which variance shall be comprised of any one or more line-item expenses.

Absent further agreement or approval of the Court, authority to use cash collateral shall expire on August 15, 2023.

The Debtor believes that the adequate protection offered herein sufficiently protects the respective interests in the cash collateral. In association with the relief requested, the Debtor further asks that all amounts listed in the attached Budget relating to the fees and expenses of the Debtor's bankruptcy professionals be paid into trust as a retainer and payable, subject to Court approval, regardless of an event of default by the Debtor and treated as free and clear of post-petition liens to the extent such fees are allowed. Final Approval and allowance of any such fees and expenses shall remain subject to application and approval by this Court.

**IMMEDIATE RELIEF IS NEEDED IN ORDER TO AVOID
IMMEDIATE AND IRREPARABLE HARM TO THE DEBTOR'S ESTATE**

Bankruptcy Rule 4001(b)(2) provides that a final hearing on a cash collateral motion cannot be commenced earlier than fourteen (14) days after service of the motion. Under Bankruptcy Rule 9006(c)(2), this time may not be shortened. However, Bankruptcy Rule 4001(b)(2) authorizes the Court to determine that, on a preliminary basis, the Debtor may use cash collateral, but onlly In an amount necessary to avoid immediate and irreparable harm to the Debtor's estate.

The Debtor requests that the Court approve, on both an interim and final basis, the Debtor's proposed use of cash collateral in accordance with the Budget attached hereto, as set forth in §327(b), and ro payments under the Budget to Debtor's counsel, with such amounts to be held in trust by Debtor's counsel as a retainer free and clear of post-petition adequate protection liens pending interim and final approval of Debtor's counsel's fees and expenses pursuant to 11 U.S.C. §300 and 331.

Debtor estimates that until a final hearing on this Emergency Motion can be held and a final order entered on this Motion (the "Interim Period"), the Debtor will need to pay certain expenses, as set forth in the Budget attached as Exhibit "A".

The Debtor's estate will suffer immediate and irreparable harm if the Debtor is not authorized to use the cash collateral during the Interim Period as requested herein.

## **PRAYER FOR RELIEF**

WHEREFORE, the Debtor prays that the Court enter its Order (i) authorizing the Debtor's use during the Interim Period of the cash collateral as set forth in Exhibit "A", (ii) setting a final hearing not less than fourteen (14) days from service of this Emergency Motion, on the Debtor's request to use the cash collateral, (iii) granting the adequate protection as outlined herein to the extent the Debtor uses the cash collateral as requested in this Motion, and (iv) granting the Debtor such other relief as is proper.

s/Christopher A. Wood
Christopher A. Wood, OBA#12936
CHRISTOPHER A. WOOD & ASSOCIATES, P.C.
1133 N. Portland Avenue
Oklahoma City, OK 73107
cawlaw@hotmail.com
(405) 525-5005 Telephone
(405) 521-8567 Facsimile
Proposed Attorney for Debtor, Metal Check, Inc.
