## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re:<br><br>METAL CHECK, INC.<br><br>Debtor. | Case No. 23-11279 JDL<br><br>Chapter 11; Subchapter V |

### UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND RELATED OPERATING PROCEDURES

Ilene J. Lashinsky, United States Trustee for Region 20 (the "**UST**"), files this limited objection to the *Debtor's Emergency Motion for Order Authorizing Interim use of Cash Collateral and Related Operating Procedures* [Doc. 12] (the "**Motion**").

1. The U.S. Trustee has the responsibility under 28 U.S.C. § 586 to supervise the administration of cases under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

2. Debtor filed its Voluntary Petition for Relief under Chapter 11, Subchapter V, of the Bankruptcy Code on May 16, 2023 [Doc. 1].

3. Debtor filed the Motion on May 18, 2023 [Doc. 12].

***Debtor should be Ordered to stop making distributions to its owner:***

4. The Motion states that "The Debtor requires the continued use of cash collateral to fund its day-to-day operations." [Doc. 12, p. 3.]

5. Debtor's 13-week Budget lists an "Owner's withdrawal" as a $14,700.00 monthly expense. [Doc. 12-1, p. 2.]

6. The Owner's withdrawal is in addition to the category "Wages," and the category "Rent or lease," which is a $15,000.00 monthly payment to Debtor's owner Diana Salazar.

7. No bankrupt debtor should be allowed to make pre-confirmation discretionary distributions to equity owners.

8. Any cash collateral relief should include a provision that expressly prohibits Debtor from making discretionary distributions to equity.

***Any cash collateral Order should provide for escrow of professional fees and Subchapter V Trustee fees:***

9. The Motion and the Budget request permission to escrow monthly payments of $2,800.00 for "Professional Fees" on behalf of Debtor's legal counsel and accountants. [Doc. 12, p. 4; Doc. 12-1, p. 1.]

10. The UST agrees with such a monthly escrow with two exceptions.

11. First, monthly payments should also be escrowed for the fees of the Subchapter V Trustee. The Subchapter V Trustee has requested that $1,500.00 be escrowed each month to ensure payment of his fees. (See, Doc. 21, p. 2.)

12. Second, after ending the monthly $14,700.00 "Owner's withdrawals", the UST believes that professional fee escrow should be raised to $2,000.00 per month for each of Debtor's professionals and the Subchapter V Trustee.

13. The UST's proposed escrows will (i) help Debtor with its monthly cash flow, (ii) ensure Debtor's administrative claims are provided for, and (iii) not leave Debtor with large, unfunded administrative expenses post-confirmation that could jeopardize a successful exit from bankruptcy.

***Relief should be limited to named creditors:***

14. The Motion identifies only First United Bank and Trust ("**First United**") as having an interest in Debtor's cash collateral [Doc. 12, p. 2].

15. However, the Motion later states that "Any of the Lien Creditors in the Debtor's cash collateral are protected by a significant income generation from the use of the cash collateral." [Doc. 12, p. 3.] The Motion does not define the capitalized term "Lien Creditors".

16. To preserve the due process rights of potentially unnamed secured creditors, any rights and burdens related to use of cash collateral should be limited to First United, the only specified creditor.

***Debtor's Budget item "Cash on hand" does not match its Schedules:***

17. Debtor's Budget begins with the week of April 30 through May 6. [Doc. 12-1, p. 1.]

18. Week 3 of the Budget thus corresponds to May 14 through 20, the week Debtor filed bankruptcy.

19. Week 3 declares "Cash on hand" at $88,000.00, but Debtor's schedule A/B #1 states that Debtor only had $13,780.36 in cash on May 16, 2023, the date of bankruptcy.

20. Debtor should be required to provide bank records evidencing sufficient cash on hand to meet its post-petition obligations.

WHEREFORE, the UST requests that the Court require the Debtor to end all owner draws, substantiate its cash position, provide for the UST's requested escrow payments, and limit any interim and final Order's effects to First United.

Respectfully submitted,

s/ Jeffrey E. Tate
Jeffrey E. Tate, OBA #17150
Office of the United States Trustee
215 Dean A. McGee, Room 408
Oklahoma City, OK  73102
(405) 231-5961 /231-5958 [fax]

3

Jeff.Tate@usdoj.gov

Jeff.Tate@usdoj.gov